[Criminal No. 538. Filed June 9, 1922.]

[207 Pac. 357.]

## STATE, Appellant, v. TOM SMITH, Respondent.

1. GAME—PENALTY FOR UNLAWFUL POSSESSION OF GAME ANIMALS OR PARTS THEREOF RECOVERABLE ONLY WHERE POSSESSION RESULTED FROM UNLAWFUL TAKING, KILLING OR INJURING.—In an action authorized by Penal Code of 1913, section 668, as amended by Laws of 1919, chapter 169, to recover a penalty for unlawfully wounding or killing certain animals or unlawfully having them or parts thereof in possession, a cause of action for having such unlawful possession can only arise where there has been an unlawful taking, killing or injuring of such animals, making consequent possession thereof unlawful.

2. GAME—MERE POSSESSION OF GAME ANIMALS OR PARTS THEREOF PRESUMED LAWFUL UNDER STATUTE AUTHORIZING PENALTY FOR UNLAWFUL POSSESSION.—In an action brought under Penal Code

of 1913, section 668, as amended by Laws of 1919, chapter 169, authorizing an action to recover a penalty for having possession of certain animals or parts thereof unlawfully by reason of having unlawfully taken, killed or injured such animals, mere possession of such animals or parts thereof is presumed lawful.

3. GAME—MERE POSSESSION OF ANTLERS NOT SUFFICIENT TO PROVE UNLAWFUL TAKING OR INJURING OF DEER.—In an action brought under Penal Code of 1913, section 668, as amended by Laws of 1919, chapter 169, authorizing an action to recover a penalty for having possession of certain animals, mere possession of deer antlers is not sufficient to prove that defendant had unlawfully taken or injured deer, especially where the only evidence adduced supports the presumption that such possession was lawful.

APPEAL from an order of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Order affirmed.

Mr. W. J. Galbraith, Attorney General, and Mr. W. E. Ferguson, Special Counsel, for the State.

Mr. Weldon J. Bailey, for Appellee.

FLANIGAN, J.—This is an appeal by the state of Arizona from an order denying its motion for a new trial, in an action brought in its name to recover a statutory penalty under the game laws. The action was brought under the provisions of section 668 of the Penal Code, Revised Statutes of 1913, as amended by chapter 169, Laws of 1919, Regular Session, Fourth Legislature. The relevant portion of said section reads:

"The state game warden, if he so elect, or any other officer charged with the enforcement of the laws relating to game and fish, if so directed by the state game warden, may bring civil action in the name of the state against any person unlawfully wounding or killing, or having unlawfully in possession, any game quadruped, bird or fish, or part thereof, and recover judgment for each such animal or part thereof, the following minimum sums as damages for the taking, killing, or injuring thereof, to wit:

For each elk........................... $200 00
For each deer.......................... 50 00
For each antelope...................... 100 00
For each mountain sheep or goat....... 200 00
For each bird.......................... 10 00 ·
For each fish.......................... 1 00"

The complaint alleges that on March 10, 1920, in
Navajo county, Arizona, the defendant was in unlaw-
ful possession of eight pairs of deer horns or sets of
horns; that the possession of such eight pairs of deer
horns is unlawful and in accordance with the statute
the defendant thereby became indebted to plaintiff in
the sum of $400, by way of damages.

The only proof adduced to support the allegations
of the complaint was the testimony of the defendant
himself, who was called as a witness by the state.
This testimony was that on the day in question, at
Holbrook, in said county, he was in possession of
four locked sets of deer horns and about ten single
sets that were not locked, making "eighteen pairs
altogether" of deer horns. Defendant admitted that
he had no permission from the state game-warden to
possess the horns, but testified that he had permission
from the forest supervisor of the Grand Canyon
game preserve to possess certain of them, and that
the others were brought from Utah.

Upon this testimony the jury returned a verdict for
the defendant.

The question we shall consider is whether the facts
so established show a cause of action under the stat-
ute. The statute provides for a civil action, in the
name of the state, against any person unlawfully
wounding or killing or having unlawfully in possession
any of the animals mentioned, or parts thereof, in
which action judgment for damages may be recovered
for the taking, killing or injuring of such animals.
The plain import of the section is that a cause of
action against one in unlawful possession of such

animals, or parts thereof, can only arise where there has been an unlawful taking, killing or injuring of such animals, so that the possession of the animals so taken, killed or injured, or of parts thereof, is likewise unlawful.

There was no proof that the defendant had unlawfully taken, killed or injured the animals from which these horns came, unless his possession of these horns carried with it such presumption. The statute in speaking of unlawful possession recognizes that there may be a possession which is lawful, so that, if nothing but possession is shown, such possession is to be deemed lawful.

The case for the state must, therefore, be based upon the supposition that the lawful possession of these sets of antlers was sufficient to prove that the defendant had unlawfully taken, killed or injured the animals which at one time bore them, and that this conclusion may be drawn not only where the possession is presumably lawful because there is no evidence to the contrary, but also where, as in this case, the presumption of lawful possession and that there was no unlawful taking, or killing, or injuring of such animals is confirmed by the only evidence adduced. To state these propositions is, of course, to refute them.

The evidence was utterly insufficient upon which to base any judgment against the defendant, and the verdict of the jury in his favor and the order of the court denying the state's motion for a new trial were right. The order is affirmed.

ROSS, C. J., and McALISTER, J., concur.